UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRISTOL-MYERS SQUIBB COMPANY, KOSAN BIOSCIENCES INC., <br><br> Plaintiffs, <br><br> v. <br><br> HON. DAVID J. KAPPOS, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, <br><br> Defendant. | Civil Action No. 09-1330 (EGS) <br><br> ECF |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO SET
STATUS CONFERENCE**

Defendant, the Honorable David J. Kappos, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("USPTO"), respectfully responds to Plaintiffs' Motion to Set a Status Conference ("Pls.' Mot.") [Docket Entry ("DE") 19]. Plaintiffs, Bristol-Myers Squibb Company and Kosan Biosciences Inc. request that the Court schedule a status conference "to address the most efficient procedure for resolving this action and a parallel, second-filed case involving the same parties and issues that is currently pending before Judge Kennedy (Case No. 09-cv-2420)." Pls.' Mot. 1. Plaintiffs, in effect, ask the Court to set a scheduling conference, but submit no proposed scheduling order. The USPTO submits that the Court should order the parties to submit a joint proposed scheduling order and, in the event the parties cannot agree as to the disposition of particular claims, advise the Court of the parties' respective positions.

## DISCUSSION

It is undisputed that Plaintiffs' amended complaint in this action seeks the recalculation of the patent-term adjustments ("PTAs") for 21 patents under 35 U.S.C. § 154(b)(2)(A). See Amended Complaint (D.E. 9). It is also undisputed that the PTAs at issue are reviewed under the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, pursuant to 35 U.S.C. § 154(b)(4)(A). See Pls.' Mot. 2. The sole legal question raised in this case is whether certain of Plaintiffs' claims are time-barred because Plaintiffs failed to file a civil action within 180 days after the grant of the respective patents, pursuant to 35 U.S.C. § 154 (b)(4)(A).

Local Civil Rule 16.3(b) exempts cases involving "an action for review on an administrative record" from the requirements of Federal Rules of Civil Procedure 16(b) and 26(f) and the meet-and-confer requirements of Local Civil Rule 16.3. Thus, scheduling conferences are not typically set in APA cases, such as this one. Nor is a scheduling conference necessary in this case. The Court should instead simply require that the parties propose a joint scheduling order for the orderly disposition of this case. Indeed, the parties have been engaged in ongoing discussions relating to the status of the claims.

It is also undisputed that timely-filed claims should be remanded to the USPTO for recalculation and adjustment of the patent terms in accordance with the Federal Circuit's decision in Wyeth v. Kappos, 591 F.3d 1364 (Fed. Cir. 2010) ("Wyeth"). Over 150 lawsuits have been filed in this jurisdiction following the decision in Wyeth v. Dudas, 580 F. Supp. 2d 138 (D.D.C. 2008), holding that plaintiffs Wyeth and Elan Pharma were entitled to additional patent-term adjustments under 35 U.S.C. § 154(b) due to the USPTO's delay in prosecuting their patent applications. As stated, the district court decision was affirmed by the Federal Circuit. Many of those cases have

since been remanded to the USPTO for a recalculation in light of the Wyeth decision. The parties here agree that five of the twenty-one claims in this case and three of the five claims in Bristol-Myers Squibb Co., et al. v. Kappos, No. 09-2420 (HHK), may be immediately remanded for a recalculation in accordance with Wyeth. The "timely" claims are Counts 1-4 and 21 of this case and Counts 1-3 of No. 09-2420.

The remaining claims in the two lawsuits involve patents granted more than 180 days before the filing of each lawsuit. Because Plaintiffs asked the USPTO to reconsider the PTA determination as to each of these patents, Plaintiffs claim that the 180-day limitations period was tolled because they filed timely requests for reconsideration of the initial PTAs based on the district court decision in Wyeth.[1] The USPTO's position is that each such PTA claim is time-barred. The remaining claims fall into two categories: (1) claims where the reconsideration request had been denied before the filing of the lawsuit; and (2) claims where the reconsideration request was still pending at the time the lawsuit was filed.

Although the USPTO considers all such claims to be untimely, it has agreed here, as it has with respect to similar claims of plaintiffs in other cases, to reconsider the PTA for any claim with a pending request for reconsideration under Wyeth after Plaintiffs agree to voluntarily dismiss the claim. The USPTO has further agreed to enter into a tolling agreement with Plaintiffs as to such claims, consisting of eight claims – Counts 7-10, 12, and 14-16 – in this case and one claim – Count 5 – in No. 09-2420. Although the specific terms have not been worked out, the proposal is that the

---

[1] With possibly one exception, Plaintiffs appear to be the only patentees who adopted the strategy of not filing a lawsuit within 180 days of the grant of a patent, notwithstanding the plain language of 35 U.S.C. § 154 (b)(4)(A), and instead raising the untested tolling argument in response to the USPTO's assertion of a limitations defense.

parties would agree that all claims and defenses that were available in the current lawsuit would be preserved and that the USPTO would not assert a limitations defense as to the timeliness of a subsequent suit on the same PTAs if there is a disagreement as to any of the recalculations. This proposal is modeled, in part, upon the stay order entered by this Court in this case on September 23, 2009. See D.E. 12 ("It is further ORDERED that, upon the lifting of this stay order, both parties may raise any claim or defense available to them in this litigation.").[2] Plaintiffs declined to accept the USPTO's proposal, and insist that the USPTO decide the pending reconsideration requests, notwithstanding the existence of this lawsuit and the USPTO's preserved limitations defense.

The USPTO has consistently taken the position that the sole legal issue raised by the two lawsuits should be decided in the context of No. 09-2420. If the "timely" claims are remanded and the claims with pending reconsideration requests are dismissed without prejudice, the USPTO will recalculate the PTAs under Wyeth for 13 of the 21 patents at issue in this lawsuit and four of the five patents at issue in No. 09-2420. The timeliness of the remaining eight patent claims in this action and the one remaining patent claim in No. 09-2420 would have to be litigated. The parties could

---

[2] The parties disagree as to the status of the stay in this case. Plaintiffs claim the stay was lifted automatically upon the issuance of the mandate by the Federal Circuit in Wyeth and the USPTO contends that the stay remains in place until lifted by the Court. Plaintiffs' position is inconsistent with the positions of the parties in the other 150 or so cases that were stayed pending the appeal in Wyeth. Consistent with the USPTO's position in this case, the parties in other similar cases typically filed a joint motion to lift the stay and remand the case for a recalculation in light of Wyeth. See, e.g., Alnylam Europe A.G. v. Doll, Civil Action No. 09-1227 (EGS) (D.E. 8) and Minute Order dated May 6, 2010 granting Joint Motion to Lift Stay and Remand. Even if this Court were to agree with Plaintiffs' position, it would be appropriate for the Court to order the parties to file a joint status report within 30 days of the Court's order on the pending motions and advise the Court of any outstanding issues that remain in this case (or both cases, if consolidated). This latter request is consistent with the approach taken by other courts where the parties had not yet advised the court of the post-Wyeth decision on a stayed matter.

hardly choose a more ideal case than No. 09-2420 to serve as the lead case to decide the limitations issue.

Finally, Plaintiffs wrongly assert that the USPTO "opposes" their request to consolidate the two cases. On the contrary, the USPTO simply responded that consolidation is unnecessary in this case because the court may address the efficiency concerns inherent in Federal Rule of Civil Procedure 42 without actually consolidating the two actions. Indeed, it would be hardly unusual for this Court to leave the stay in place in this case and allow the parties to litigate the common legal question in No. 09-2420. As to the consolidation request, the USPTO repeats its position, as conveyed to Plaintiffs and reported in the motion for a status conference, the decision whether to consolidate the two cases lies within the discretion of this Court and a hearing is unnecessary to decide that motion. Regardless of the Court's decision on consolidation, the limitations issue common to the two cases should be decided in No. 09-2420, in which the USPTO has filed a motion to dismiss based on the limitations defense, and to which Plaintiffs will have to respond.

## CONCLUSION

For the foregoing reasons, this Court should deny the motion for a status conference and order the parties to submit a joint scheduling order as described herein.

                Respectfully submitted,

                RUDOLPH CONTRERAS, D.C. BAR # 434122
                Chief, Civil Division

By:    /s/
                JOHN G. INTERRANTE
                PA Bar # 61373
                Assistant United States Attorney
                Civil Division
                555 4th Street, N.W., Room E-4806
                Washington, D.C. 20530
                (202) 514-7220
                (202) 514-8780 (fax)
                John.Interrante@usdoj.gov

Of counsel:

Benjamin Wood, Associate Solicitor
Office of Solicitor
United States Patent and Trade Office