UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRISTOL-MYERS SQUIBB COMPANY and KOSAN BIOSCIENCES INC., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID KAPPOS, in his official capacity as Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, <br><br> Defendant. | No. 1:09-cv-01330-EGS <br> (consolidated with No 1:09-cv-02420-EGS) |

## PLAINTIFFS' RECOMMENDATION FOR FURTHER PROCEEDINGS

As indicated in the Joint Proposal for Further Proceedings filed today, counsel for Plaintiffs and counsel for the Patent and Trademark Office ("PTO") have conferred regarding the Court's May 20, 2010 order and have reached an agreement on a proposed briefing schedule and a proposed order remanding eight counts of the complaints for recalculation of the patent term adjustments determined by the PTO. The parties have, however, been unable to agree on a recommendation regarding the disposition of the remaining claims for which there are pending requests for administrative reconsideration. Accordingly, pursuant to this Court's order directing the parties to submit individual recommendations in the event of such a disagreement, Plaintiffs respectfully submit this proposal.

### The Remaining Issue

This case involves a challenge to the method the PTO has applied to calculating patent term adjustments pursuant to 35 U.S.C. § 154(b). Given the recent decision of the Court of

Appeals for the Federal Circuit in *Wyeth v. Kappos*, 591 F.3d 1364 (Fed. Cir. 2010), the PTO no longer defends the methodology it applied in calculating the patent term adjustments at issue. That concession, however, does not dispose of all of the counts in these cases. Rather, the PTO argues that the usual rule that the time for seeking judicial review is tolled during the pendency of a timely request for reconsideration, *see ICC v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 284-285 (1987), does not apply here, and that, as a result, certain of Plaintiffs' claims are untimely. The parties will address their respective positions on the application of the *Locomotive Engineers* tolling rule when they file their cross-motions, as proposed in their joint recommendation.

The PTO's contention that the *Locomotive Engineers* tolling rule does not apply, however, raises one threshold issue. Under the PTO's argument, a party must file a lawsuit challenging the PTO's patent term adjustment calculation within 180 days of issuance of the patent, even if the PTO has not yet decided a pending request for reconsideration of that initial calculation. Thus, if the PTO were correct, it would be routine for the same patent term adjustment calculation to be simultaneously under review both in court and before the PTO.

Here, nine of the eighteen counts not resolved by the parties' proposed remand order are the subject of pending requests for reconsideration before the PTO (Counts VII-X, XII, and XIV-XVI of Plaintiffs' Amended Complaint in Case No. 09-cv-1330 and Count V of Plaintiffs' Complaint in Case No. 09-cv-2420). There is no substantive disagreement about the ultimate disposition of the pending requests for administrative reconsideration: As this Court's May 20 order observed, the parties have both recognized that "the United States Patent and Trademark Office has agreed to recalculate those claims" in accordance with *Wyeth*. The parties have,

however, been unable to agree on the procedural steps necessary to accomplish that recalculation.

### Plaintiffs' Proposal

Plaintiffs respectfully submit that the PTO can, and should, simply decide the pending requests for reconsideration by recalculating Plaintiffs' patent term adjustments in accordance with *Wyeth*.  So long as the PTO's calculations are correct, its reconsideration decisions would fully resolve the parties' disputes regarding the affected patents and the corresponding counts of these lawsuits could then be dismissed as moot.

The PTO has agreed that *Wyeth* is controlling and that the pending requests for reconsideration at issue here should be resolved under the rule endorsed in that decision.  *See* Dkt. No. 20, at 3.  But the PTO has asserted that it will not resolve these requests for reconsideration while the patent term adjustment calculations at issue are the subject of pending litigation.[1]  *See id*.  There is no justification for this position.  Nothing in 35 U.S.C. § 154(b), the PTO's implementing regulations, or the relevant case law suggests that a pending lawsuit somehow prevents *the agency* from deciding a pending request for administrative reconsideration.  Indeed, just the opposite is generally true:  the pendency of a request for reconsideration before the agency renders the agency's initial order non-final and unreviewable *in court*.  *See, e.g.*, *Locomotive Engineers*, 482 U.S. at 284-285.

---

[1]   The PTO has indicated that it will decide the pending requests for reconsideration without delay if Plaintiffs voluntarily dismiss the relevant counts of their complaints, and it has further indicated that it would be willing to enter into a tolling agreement.  *See* Dkt. No. 20, at 3. But under the PTO's view of the law, it is not at all clear that a tolling agreement would fully protect Plaintiffs' rights because the PTO has taken the position (in its motion to dismiss in Case No. 09-cv-2420) that the 180-day statute of limitations in § 154(b)(4)(A) is jurisdictional.  If that view were correct, then the PTO would be unable to waive any applicable deadlines.

Significantly, in several past cases the PTO has, in fact, acted on requests for reconsideration of its patent term adjustment calculations notwithstanding the pendency of a lawsuit like this one. *See, e.g.*, *Kabushiki Kaisha Hayashibara Seibutsu Kaguku Kenkyujo v. Doll*, No. 09-cv-308 (suit filed Feb. 17, 2009; defendant served Mar. 13, 2009; request for reconsideration decided Mar. 27, 2009); *Medarex, Inc. v. Doll*, No. 09-cv-1082 (suit filed June 11, 2009; defendant served June 17 & 24, 2009; request for reconsideration decided July 2, 2009). Plaintiffs simply request that that PTO act consistently in this case.

Because it is undisputed that the *Wyeth* decision requires the PTO to recalculate the patent term adjustments at issue, the agency is obligated to act promptly on Plaintiffs' requests for reconsideration and to grant Plaintiffs the relief to which they are indisputably entitled. The fact that Plaintiffs are simultaneously seeking judicial review of the PTO's initial decisions is merely a product of the PTO's contention that the *Locomotive Engineers* tolling rule is, for some reason, inapplicable to Administrative Procedure Act cases brought under 35 U.S.C. § 154(b).

In an effort to find some workable solution to the present dilemma, Plaintiffs would also be open to other procedural mechanisms that would allow the PTO to decide the pending requests for reconsideration without requiring Plaintiffs to dismiss their pending claims. For example, the Court might remand the counts at issue to the PTO for recalculation, while preserving the PTO's right to re-assert its timeliness defense in the event that Plaintiffs later seek judicial review. Alternatively, if the PTO's position is that it cannot decide a pending request for reconsideration that is the subject of active litigation—despite the fact that it has previously done so—the Court could simply stay the relevant counts or hold them in abeyance pending the agency's decisions on the requests for reconsideration.

- 5 -

Dated: June 3, 2010                                 Respectfully submitted,


   /s/ Seth P. Waxman
_____
Seth P. Waxman (D.C. Bar No. 257337)
Randolph D. Moss (D.C. Bar No. 417749)
Brian M. Boynton (D.C. Bar No. 483187)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
E-mail: seth.waxman@wilmerhale.com

*Attorneys for Plaintiffs*
*Bristol-Myers Squibb Company, Bristol-Myers*
*Squibb Pharma Company, and*
*Kosan Biosciences Inc.*