UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRISTOL-MYERS SQUIBB COMPANY,<br>KOSAN BIOSCIENCES INC.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>HON. DAVID J. KAPPOS,<br>Under Secretary of Commerce for<br>Intellectual Property and Director of the<br>United States Patent and Trademark Office,<br><br>                    Defendant. | Civil Action No. 09-1330 (EGS)<br>(Consolidated with Civil Action<br> No. 09-2420 (EGS))<br><br>ECF |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' RESPONSE TO
THE COURT'S ORDER TO SHOW CAUSE**

Pursuant to the Court's Minute Order dated June 11, 2010, defendant, the Honorable David J. Kappos, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("USPTO"), respectfully responds to Plaintiffs' Response to the Court's Order to Show Cause ("Pls.' Resp."). Specifically, by Minute Order dated June 7, 2010, the Court directed the plaintiffs to show cause why the Court should not enter an order that remands certain counts to the USPTO for a recalculation and adjustment of the disputed patent terms in accordance with the Federal Circuit decision in in Wyeth v. Kappos, 591 F.3d 1364 (Fed. Cir. 2010) ("Wyeth") and also dismisses the underlying claims without prejudice, subject to a motion for reconsideration if any adjustment is shorter than the term requested by the plaintiffs.

Defendant consents to entry of an order that disposes of the referenced counts in the manner set forth in the Court's June 7, 2010 Order to Show Cause. Indeed, this Court has remanded other cases seeking a recalculation and adjustment of a patent term adjustment in accordance with Wyeth under the identical terms and conditions. See, e.g., Boehringer Ingelheim Pharma GMBH & Co.

KG, et al., Civil Action No. 09-1542 (EGS), Minute Order dated May 10, 2010. Although the plaintiffs suggest that certain unspecified "positions that the PTO has taken in this case" may require additional safeguards, the Court more than adequately protects the rights of both parties in its proposed disposition. See Pls' Response at 2. That is, by allowing the plaintiffs to file a motion for reconsideration of the dismissal order, the Court addresses the parties' concerns that any claims or defenses that existed at the outset of this litigation will be preserved in the event that a recalculation should differ from the term requested in plaintiffs' complaints in these consolidated actions. None of the additional language proposed by plaintiffs – such as a statement that "the Court retains jurisdiction in these actions over any necessary future proceedings on the remanded claims" – is necessary or appropriate, and the USPTO therefore objects to any departure from the language proposed by the Court in its Order to Show Cause.

        Respectfully submitted,

        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Chief, Civil Division

By:    /s/
        JOHN G. INTERRANTE
        PA Bar # 61373
        Assistant United States Attorney
        Civil Division
        555 4th Street, N.W., Room E-4806
        Washington, D.C. 20530
        (202) 514-7220
        (202) 514-8780 (fax)
        John.Interrante@usdoj.gov

Of counsel:

Benjamin Wood, Associate Solicitor
Office of Solicitor
United States Patent and Trademark Office